**Robert T. FUDGE, Appellant,**

**v.**

**Joe HAGGAR, Max Goldblatt and James Stock in their Capacities as Members of the Civil Service Trial Board of R. T. Fudge, Appellees.**

**No. 8932.**

Court of Civil Appeals of Texas, Texarkana.

Aug. 4, 1981.

Rehearing Denied Aug. 25, 1981.

Bob Gorsky, Burleson, Pate & Gibson, Dallas, for appellant.

Lee E. Holt, City Atty., Patrick A. Teeling, Kelly M. Massad, Dallas, for appellees.

BLEIL, Justice.

This is an appeal from the trial court's denial of a writ of mandamus seeking to reinstate Robert Fudge as a member of the Dallas Police Department. Before mandamus was sought, Fudge had been discharged by the chief of police and this action was upheld by the Civil Service Trial Board convened by the City of Dallas.

The issues raised relate to whether certain procedural requirements are jurisdictional so that the failure of the City of Dallas to strictly comply with its rules precludes its discharge of Robert Fudge. We hold that these particular requirements are not jurisdictional and affirm the judgment of the trial court.

█ A writ of mandamus enforces the performance of a duty clearly defined by law. *City of Galveston v. Mann*, 135 Tex. 319, 143 S.W.2d 1028 (1940). The issuance of a writ of mandamus is an extraordinary measure, not a matter of right; its issuance is largely a matter within the sound discretion of the court. *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793 (1941). No abuse of that discretion exists under the facts in this case.

Robert T. Fudge was employed by the Dallas Police Department as a patrolman. Around September 25, 1979, police department internal affairs investigator J. D. James received a call from a T. R. Baker, a member of the Dallas County Sheriff's Department. Baker relayed some information to James concerning the possibility of Robert Fudge's improper conduct in obtaining the release of a prisoner. James then investigated the matter by taking affidavits from two pretrial release employees and made a special written report to the chief of police concerning improper conduct on July 13, July 27 and on August 8, 1979.

On October 3, 1979, James wrote an official letter of complaint and presented it to Officer Fudge. The complaint only concerned Fudge's actions on July 27th. At the time, James showed Fudge the official letter of complaint and the affidavits which were taken from the pretrial release employees. Robert Fudge was instructed to respond in writing to the complaint and he did so.

Thereafter, on November 20th, the chief of police discharged Fudge from the force by letter charging him with violations of employee conduct rules alleged to have occurred on July 13, July 27 and August 8, 1979. He then appealed to the City Manager and the termination was upheld.

Fudge then requested a trial board hearing by letter which was received by the city secretary on December 31, 1979. On January 29, 1980, the city secretary prepared a letter giving the names of the two city council members that would sit on the trial board. A third citizen member was appointed to the trial board on January 31, 1980. Fudge was sent a letter dated February 11th notifying him of the appointment of the third member of the trial board. This letter was received on February 14th. The Civil Service Trial Board duly proceeded to hear and deny the appeal of Robert Fudge. Writ of mandamus was sought in the District Court of Dallas County and after a hearing, the court determined that the Civil Service Trial Board did have juris-

diction to hear Fudge's appeal from his discharge as an employee of the City of Dallas Police Department, and on that basis an order was entered that the writ of mandamus be denied.

Robert Fudge asserts error on the part of the trial court in refusing to issue the writ of mandamus because the trial board was without jurisdiction to proceed with plaintiff's appeal on three grounds: (1) that he had not been presented with a copy of all written complaints against him prior to the disciplinary action by the chief of police; (2) that the requirement of notice to him of the trial board membership was not met; and (3) that the disciplinary complaint filed against him was not filed within the thirty day period allowed by police department rules for the filing of the complaint. These are considered separately.

■ The procedure for making a complaint against a law enforcement officer is found in Tex.Rev.Civ.Stat.Ann. art. 6252–20.[1] This statute requires that the complaint must be reduced to writing and signed by the person making it. Fudge argues that the complaint did not comply with these statutory requirements because the letter signed by Officer James mentioned only the July 27, 1979, incident. No other complaint regarding the incidents occurring on July 13th and August 8th was made, and Fudge says that this, coupled with the lack of first-hand knowledge on the part of Officer James, demonstrates that the requirements of the statute were not fulfilled.

The appellees reply that the Dallas Police Department General Order 501.01, subd. C, which provides that a signed letter from a supervisor may fulfill the requirements of an internally generated complaint, makes the complaint proper. In this case we deal with an internally generated complaint. Even though the initial information received by the police department was external, coming from the Dallas County Sheriff's Office, the entire investigation began within the police department. Officer James testified that on October 19, 1979, he gave Fudge his letter of complaint and affidavits concerning all three incidents. He directed Fudge to respond to the specific acts of misconduct and Fudge did so on that day. The appellees argue that Fudge was aware of, understood, and replied to each of the charges of misconduct for which he was discharged and that the complaint against him was valid. We agree. The complaint was in writing, signed by the person making the complaint, and presented to the affected officer, Robert Fudge, prior to the taking of disciplinary action. It was in compliance with Tex.Rev.Civ.Stat.Ann. art. 6252–20 and as well was in compliance with Dallas Police Department General Order 501.01.[2]

■ Likewise, we overrule Robert Fudge's point of error which deals with the Personnel Rules of the City of Dallas. They provide in part:

"Within 30 days of receipt of the request, the City Secretary shall notify the employee of the names of the three persons selected to compose the Trial Board.

1. "In order that a complaint against a law enforcement officer of the State of Texas, including but not limited to officers of the Department of Public Safety and the Liquor Control Board, or against a fireman or policeman may be considered by the head of a state agency or by a chief or head of a fire department or police department, neither of which is under the protection of a civil service statute, the complaint must be placed in writing and signed by the person making the complaint. A copy of the signed complaint must be presented to the affected officer or employee within a reasonable amount of time after the complaint is filed and before any disciplinary action may be taken against the affected employee."

2. "Personnel complaints will be handled in accordance with Vernon's Annotated Civil Statutes, Article 6252–20, as interpreted by the city attorney.

    A. Complaints must be made in writing and signed by a person having first hand knowledge of the incident. Affidavit form is preferred; however, it is not required.

    B. A signed letter of complaint will be sufficient after verifying that it is not a fictitious letter signed with a fictitious name.

    C. A signed letter from a supervisor or other employee who is aware of the facts may fulfill the requirements of an internally originated complaint."

Two of the selected persons shall be members of the City Council and the other shall be a member of the Civil Service Board." Sec. 7.12, Personnel Rules, City of Dallas, Dallas, Texas.

Citing this rule, the appellant argues that the 30 day period would have expired on January 30, 1980. He argues that this provision is mandatory and that his failure to receive notice of the board's appointment within 30 days means that the board lost jurisdiction to hear the appeal. In support of this contention he cites *Todd v. City of Houston*, 508 S.W.2d 140 (Tex.Civ.App.-Houston [1st Dist.] 1974, writ ref'd n.r.e.), and *Crawford v. City of Houston*, 487 S.W.2d 179 (Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.). These cases do not deal with the provisions concerning the appointment of a trial board, but with provisions that require a timely hearing on an appeal. They hold that the provision requiring that a hearing on an appeal of a suspended police officer be held within 30 days is a mandatory provision. These cases treat a different type of provision. Here there was no delay in the hearing on the appeal. The case of *Lewis v. Jacksonville Build. & Loan Ass'n*, 540 S.W.2d 307 (Tex. 1976), is more controlling in interpreting the language of the administrative rule in question. There, the savings and loan commissioner was required to render a decision within 45 days by rule of the association. The Supreme Court held that the provision was directory not mandatory, and that the failure to act within that time did not, of itself, invalidate a order entered more than 45 days after hearing. Although the word "shall" is generally construed to be mandatory, the objects and consequences of the rule must be considered. Here, the 30 day time limit is intended to direct the city secretary to give prompt notification to the officer. There is no negative or restraining language contained in the pertinent City of Dallas Personnel Rule and we hold that provision to be directory and its violation does not deprive the trial board of jurisdiction to consider Robert Fudge's appeal.

General Order 501.02 of the City of Dallas Police Department is the basis of appellant's last argument.[3] This order provides that, with certain exceptions, personnel complaints will not be accepted more than thirty days after an alleged incident. Fudge argues that the complaint of October 3, 1979, was more than thirty days after any incident. Clearly it was made more than thirty days after the last incident complained of, but equally clear is that the police department investigation proceeded with dispatch as soon as the incidents involving Robert Fudge became known to Officer James, his supervisor. Under the facts, good cause could exist for the failure of the complaint to be made within the thirty-day period, and further, the police department might well have deemed the taking of this disciplinary action necessary to preserve the integrity of the department.

On the basis of the record in this case, we find no error which deprived the civil service trial board of jurisdiction to hear the complaint. The points of error raised by appellant are overruled.

The judgment is affirmed.

---

3. General Order 501.02 of the City of Dallas Police Department provides:

"Personnel complaints will not be accepted more than thirty days after the alleged incident, with the following exceptions:

A. When the complaint involves a criminal violation, the criminal statute of limitations will prevail. However, such limitations will not prevent the department from taking disciplinary action deemed necessary to preserve the integrity of the department.

B. When the complainant can show good cause for not making the complaint within the specified time limit."