Walker 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-372-CV





JAMES ALLEN WALKER, JR.,



 APPELLANT


vs.





CITY OF BRADY AND RICHARD L. CORY,



 APPELLEES



 




FROM THE DISTRICT COURT OF McCULLOCH COUNTY, 198TH JUDICIAL DISTRICT


NO. 018-91, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING




 



 


 James Allen Walker, Jr., appeals an unfavorable summary judgment rendered in
his challenge to the actions of the appellees, the City of Brady and Police Chief Richard Cory
(collectively, the City), in demoting him from sergeant to patrol officer in the Brady Police
Department. Walker complains that the City failed to provide him with a signed copy of a written
complaint before taking disciplinary action against him in violation of state statute. See Tex. Rev.
Civ. Stat. Ann. art. 6252-20 (1970). (1) In three points of error, Walker challenges the summary
judgment taken against him, the court's failure to grant his motion for partial summary judgment,
and the court's ruling that sovereign immunity barred the City's liability for attorney's fees. We
reverse that portion of the judgment granting summary judgment to the City, but conclude that
Walker failed to establish his right to partial summary judgment as a matter of law on the
summary judgment evidence presented. We also affirm that portion of the judgment barring
attorney's fees.



BACKGROUND


 Walker was employed as a police officer by the City of Brady from December 7,
1987, to January 23, 1991. He held the rank of sergeant until January 23, 1991, when Police
Chief Cory took the disciplinary action of demoting him to patrol officer. Cory demoted Walker
after learning that Walker had telephoned Maribel Moreno, the wife of another officer, and made
suggestive remarks that violated police department policy. After informing Chief Cory of the
phone call, Moreno filed a complaint with the county attorney. Walker was not provided a copy
of any complaint before he was demoted.

 Walker sued, alleging that he was demoted in violation of article 6252-20, (2) which
required the police chief to furnish him a signed copy of Moreno's complaint a reasonable amount
of time before taking disciplinary action. Walker's motion for partial summary judgment on the
issue of the City's violation of the statute was denied; the City's motion for summary judgment
on all issues was granted.



 Standard of Review


 The standards for granting a summary judgment have been clearly enunciated: 



1) The movant for summary judgment has the burden of showing that there is
no genuine issue of material fact and that it is entitled to judgment as a
matter of law. 


2) In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.


3) Every reasonable inference must be indulged in favor of the nonmovants and
any doubts resolved in their favor.



Nixon v. Mr. Property Management Co., 690 S.W.2d 548, 548-49 (Tex. 1985).

 In reviewing the summary judgment, we look to see whether the City discharged
its burden to show there were no genuine issues of material fact and that it was entitled to
judgment as a matter of law. In reviewing the summary judgment proof, we must look at the
evidence in a light favorable to Walker, the nonmovant. All reasonable inferences will be
indulged in his favor, as will any doubts. See id.



Summary Judgment of City's Compliance


 Walker's first point of error asserts that the City was not entitled to judgment as
a matter of law. We agree. 

 We turn first to the statute. Article 6252-20 sets out specific procedures that a
department or agency of the State must follow before it can take disciplinary action against an
employee. Before considering a complaint against an employee who is a law enforcement officer
not under the protection of a civil service statute, a department or agency must give the officer
a signed copy of the written complaint "within a reasonable amount of time after the complaint
is filed and before any disciplinary action may be taken against the affected officer." Art. 6252-20. 

 Here, the facts are not disputed. Walker, a police officer with the City of Brady,
was not under the protection of a civil service statute, and he never received a written copy of the
complaint against him. In fact, the only notice Walker received was a memorandum from the
police chief informing him of his demotion. The statute clearly contemplates that an individual
receive notice before any disciplinary action is taken. The facts fail to establish that the City
complied with the statutory requirements before demoting Walker. 

 The City relies on Fudge v. Haggar, 621 S.W.2d 196 (Tex. App. 1981, writ ref'd
n.r.e.), to demonstrate its compliance with the statute. But in Haggar, the police officer received
a written complaint, signed by the person making the complaint, before taking any disciplinary
action. Id. at 198. Thus, Haggar offers no support for the City's position that it complied with
article 6252-20 without furnishing Walker a written complaint signed by Moreno.

 The City argues unpersuasively that the police chief, not Ms. Moreno, was the
complainant against Walker, and that two letters from Cory to Walker satisfy the statutory
requirements of giving written copies of the complaint. The City's contentions are wholly without
merit. To characterize the supervisor charged with the enforcement of discipline in response to
another's complaint as the "complainant" would eviscerate the statute. This we refuse to do. The
person who brought a complaint against Walker was Moreno, not the police chief. Her complaint
was not reduced to writing, was not signed, and Walker did not have the opportunity to review
the complaint or to respond to it within a reasonable time before the chief of police imposed
disciplinary action. The summary judgment evidence fails to establish that the City complied with
article 6252-20 as a matter of law. Therefore, we sustain Walker's first point of error. 



 Partial Summary Judgment of Violation


 After reviewing the record, we cannot conclude that the summary judgment
evidence established as a matter of law that the City violated article 6252-20. (3) In weighing the
trial court's consideration of Walker's motion for partial summary judgment, we must take
evidence favorable to the City as true. We conclude that the deposition testimony relied upon as
the only summary judgment proof did not eliminate all genuine issues of material fact. 

 The summary judgment evidence eliminates any genuine issue of fact about whether
Walker received notice of Moreno's complaint before he was demoted. He did not. However,
the City argues that the deposition testimony failed to remove issues of fact about the identity of
the complainant against Walker and about the causal connection between Walker's demotion and
Maribel Moreno's complaint. We will examine both of these contentions.

 Police Chief Cory testified at his deposition that as the supervisor charged with the
smooth running of the police department, he, not Moreno, was the true complainant against
Walker. We have already rejected this contention as one that undermines the purpose of the
statute. We hold that this conclusory summary judgment statement created no genuine issue of
fact about the identity of the complainant against Walker. 

 Cory further testified at his deposition that Walker's demotion to patrolman was
not a disciplinary action taken in response to Moreno's complaint. It is hard to imagine that the
City would be able to come forward with substantial factual evidence to sustain these allegations
at trial but we must indulge this testimony as true for the purpose of our review. Perhaps Walker
could have presented other summary judgment evidence of the causal connection between
Moreno's complaint and his demotion to eliminate any issue of fact created by Cory's testimony. 
But he did not. And on the basis of the summary judgment proof offered, the trial court did not
err in denying the motion for partial summary judgment. We overrule the second point of error.



 Sovereign Immunity Bars Attorney's Fees


 In his third point of error, Walker claims the trial court erred in holding as a matter
of law that sovereign immunity barred his recovery of attorney's fees. Walker relies on Tex.
Civ. Prac. & Rem. Code Ann. § 37.009 (1986) to claim his entitlement to attorney's fees, and
argues that the doctrine of sovereign immunity does not apply in declaratory judgment actions. 
In support of his argument, Walker asks us to follow Duncan v. Pogue, 759 S.W.2d 435, 435-36
(Tex. 1988), a case in which the supreme court allowed recovery of attorney's fees against a
county commissioners' court in a declaratory judgment action. In Duncan, sovereign immunity
was not discussed because the county commissioners' court did not assert it as a defense. We
agree with the court's holding in Waugh v. City of Dallas, 814 S.W.2d 492 (Tex. App. 1991, writ
denied), that "[t]he bringing of declaratory judgment actions does not waive the City's right to
sovereign immunity." Id. at 496-97. Specifically, the court refused to read a waiver of sovereign
immunity into section 37.009, the attorney's fees statute. "Normally, statutes purporting to
waive sovereign immunity do so in relatively explicit terms." Id. at 497 (citing City of Houston.
v. Lee, 762 S.W.2d 180, 188 (Tex. App. 1988), rev'd on other grounds, 807 S.W.2d 290 (Tex.
1991)). Section 37.009 contains no express or implied waiver of sovereign immunity. Id. 

 We reject Walker's assertion that sovereign immunity is waived in declaratory
judgment actions. We conclude that sovereign immunity barred Walker's recovery of attorney's
fees in this action as a matter of law. See Rodeheaver v. Steigerwald, 807 S.W.2d 790, 793 (Tex.
App. 1991, writ denied); City of Houston v. De Trapani, 771 S.W.2d 703, 708 (Tex. App. 1989,
writ denied). Therefore, we overrule the third point of error. 


 

CONCLUSION


 We reverse that portion of the judgment granting summary judgment to the appellees and
ordering that Walker take nothing on his claim and remand that portion of the cause to the district
court for further proceedings consistent with this decision. The remainder of the judgment is
affirmed. 



 

 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed in Part; Reversed and Remanded in Part

Filed: August 12, 1992

[Do Not Publish]
1. Unless otherwise noted, statutory references are to this provision.
2. The statute provides that 


 [i]n order that a complaint against a law enforcement officer of
the State of Texas, including but not limited to officers of the
Department of Public Safety and the Liquor Control Board, or
against a fireman or policeman may be considered by the head of
a state agency or by a chief or head of a fire department or police
department, neither of which is under the protection of a civil
service statues, the complaint must be placed in writing and
signed by the person making the complaint. A copy of the signed
complaint must be presented to the affected officer or employee
within a reasonable amount of time after the complaint is filed
and before any disciplinary action may be taken against the
affected employee. 


Art. 6252-20. 
3. "The failure to grant a motion for summary judgment is not reviewable on appeal unless
all parties in interest file motions for summary judgment and the appeal is from the granting of
one of them." Davenport v. Harrison, 711 S.W.2d 340, 342 (Tex. App. 1986, no writ, citing
Ackermann v. Vordenbaum, 403 S.W. 362, 364 (Tex. 1986)).