Reversed and Rendered and Opinion filed July 17, 2003









Reversed and Rendered and Opinion filed July 17, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00743-CV

____________

 

KERRY
GUTHERY, Appellant

 

V.

 

EARNEST
B. TAYLOR, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE SUGAR LAND POLICE
DEPARTMENT, AND THE CITY OF

SUGAR LAND, Appellees

 



 

On Appeal from the
268th District Court

Fort
Bend
County, Texas

Trial Court Cause
No. 115,869

 



 

O P I N I O N

This police disciplinary case requires the court to construe
Texas Government Code sections 614.022 and 614.023, which apply only to those
police officers who are not covered by a civil service statute.  Tex. Gov’t Code Ann. ' 614.021(3) (Vernon 1994).  Section 614.022 provides:  “To be considered by the head of a . . .
police department, the complaint must be: (1) in writing; and (2) signed by the
person making the complaint.”  Tex. Gov’t Code Ann.
' 614.022 (Vernon 1994).  Section 614.023 provides:








(a) A copy of a signed complaint against a law
enforcement officer, fire fighter, or police officer shall be given to the officer
or employee within a reasonable time after the complaint is filed.

(b) Disciplinary action may not be taken against the
officer or employee unless a copy of the signed complaint is given to the
officer or employee.

 

Tex. Gov=t Code Ann. ' 614.023 (Vernon 1994).

The case arises because appellant, Kerry Guthery, received a
disciplinary suspension based on an investigation stemming from a citizen=s complaint.  Guthery subsequently filed suit in the trial
court, seeking a declaratory judgment delineating his rights under sections
614.022 and 614.023.  Guthery also sought
injunctive relief, or, alternatively, a writ of mandamus to compel Sugar Land
Police Chief Earnest B. Taylor, in his capacity of Chief of Police, and the
City of Sugar Land, appellees, to withdraw the disciplinary action taken
against him and to restore his back pay and benefits.

The parties filed cross-motions for summary judgment, urging
competing interpretations of the statutes at issue.  The trial court granted appellees’ motion and
denied Guthery=s motion, ordering that he take
nothing.

We reverse the summary judgment in favor of appellees and
render judgment in favor of Guthery (1) declaring appellees’ actions violated
sections 614.022 and 614.023, and (2) ordering appellees to withdraw the
disciplinary action and restore Guthery’s back pay
and benefits.

                                FACTUAL AND
PROCEDURAL BACKGROUND[1]








On January 29, 2000,
Guthery, a police officer, decided to disperse a party at 55 Ashbury Park.  He knocked on the front door with his
flashlight, damaging the door.  On
February 2, 2000, Mrs. Scraper, a citizen, telephoned the Sugar Land Police
Department (“SLPD”), complaining an officer had damaged her door on January 29,
2000.   

SLPD determined Guthery
was the only officer at Scraper’s house that night.  After reviewing the incident report, Guthery’s supervisor made notes on the report and returned
it to Guthery to obtain more information about how the damage might have
occurred.[2]
Guthery responded to the questions that day in an email.[3]  After receiving Guthery=s answers, the SLPD’s Professional Standards Division investigated the
incident to determine whether any state laws or city policies had been
violated.  The investigation included
meeting with Mrs. Scraper at her residence and photographing the damage.  Additionally, Guthery supplied a written
statement of the incident and was asked to provide a copy of the audio tape
from that night.  Guthery, however,  was unable to provide an audio tape from that
night because he failed to record this particular event.

The SLPD Professional
Standards Division investigated the complaint as possible violations of state
criminal law and city policies.  During
the investigation, there were multiple allegations against Guthery. The investigators
ultimately concluded Guthery caused damage to Scraper’s front door when he
struck it several times with his flashlight, denting the wood surface and
causing a panel of glass to break.  The
investigators also determined that Guthery failed to activate his tape recorder
during the incident. 








Police Chief Taylor
reviewed the investigation report, and Guthery received a “Notice of Proposed
Disciplinary Action” (“Notice”) on April 7, 2000.  Chief Taylor=s
proposal to suspend Guthery for three days was included in the Notice, and
Taylor requested Guthery to appear at a meeting on April 13, 2000, in order to
respond.[4]  The Notice was signed by Chief Taylor. After
meeting with Guthery on April 13, 2000, Chief Taylor approved the
suspension.  Guthery appealed the
disciplinary action to the City’s Employees Board of Appeals, and after a
hearing, the board reduced the suspension to one day.

Guthery then filed a
petition for writ of mandamus, asking the trial court to direct Chief Taylor to
withdraw the disciplinary action because it was imposed in violation of  Texas Government Code section 614.023(b), and
to award Guthery full back pay and benefits lost as a result of the
disciplinary action.  Additionally,
Guthery sought to recover all attorney’s fees incurred.  Guthery subsequently amended his original
petition and added the City of Sugar Land as a defendant.  Further, he sought relief under the Uniform
Declaratory Judgments Act, asking the court to 
declare the acts of the defendants to be in violation of the Texas
Government Code.[5]

Guthery and appellees
filed cross-motions for summary judgment, setting forth competing constructions
of Texas Government Code sections 614.022 and 614.023.  Guthery argued appellees= actions violated section
614.022 because there was no written and signed complaint from Mrs. Scraper,
the owner of the residence where the damage occurred.  Guthery also argued appellees could not rely
on the Notice because it included the discipline to be imposed, was delivered
after conclusion of the investigation and was not signed by Scraper.  Guthery noted, “at the conclusion of the
investigation would not be ‘within a reasonable time after the complaint is
filed= as required by [section
614.023(a)].”








Appellees’ motion for
summary judgment was based on the following: (1) compliance with sections
614.022 and 614.023 is not mandatory; and, in the alternative, (2) the
procedures taken by appellees did comply with these sections.  Appellees urged the court to find that Mrs.
Scraper’s signature was not statutorily required on the complaint, and that
Chief Taylor=s
signature was sufficient because he was the officer who charged Guthery and
proposed disciplinary action.  Appellees
also argued the Notice given to Guthery at the completion of the investigation
and before any disciplinary actions were taken was proper.

Following a hearing, the
trial court granted appellees’ motion and denied Guthery’s
motion.  The trial court ordered Guthery
take nothing on his claims and causes of action against appellees. 

                                                          ISSUES
PRESENTED

Guthery raises two issues
on appeal.  In issue one, he argues, “A
copy of the signed complaint was not given to [Guthery] within a reasonable
time after it was filed and before disciplinary action was taken and the
determination of >reasonable= is for the fact finder.”  In issue two, he argues, Chief Taylor “considered
a complaint against a police officer . . . which was not in writing and signed
by the complainant as required by [Texas Government Code section 614.022].”  As part of issue two, Guthery reiterates his
argument that Chief Taylor did not provide him with a copy of the signed
complaint within a reasonable time.

In response to issue one,
appellees argue that determination of  “reasonable
time” is a question of law.  In response
to issue two, they argue the “complaint” that must be signed in the present
case was the “Notice of Proposed Disciplinary Action,” not Scraper=s complaint.  They also argue the complaint was given to
Guthery “within a reasonable time” because it was given to him before Chief
Taylor took disciplinary action against Guthery.








Thus, the controlling
issue is one of statutory construction: 
under the facts of this case, does the Notice suffice as the “complaint”
which must be signed and in writing, and given to the officer “within a
reasonable time,” under Texas Government Code sections 614.022 and
614.023?  Only if we determine the Notice
suffices as the “complaint” must we decide whether the Notice was given to
Guthery “within a reasonable time.” 
Accordingly, after setting forth the standard of review, we begin by
addressing Guthery=s
issue two.

STANDARD OF REVIEW AND
NATURE OF JUDGMENT SOUGHT

The parties do not
dispute the relevant facts.  Therefore,
this is a proper case for summary judgment. 
City of Garland v. Dallas Morning News, 22 S.W.3d 351, 356 (Tex.
2000).  When, as here, parties file
cross-motions for summary judgment, each party bears the burden of establishing
it is entitled to judgment as a matter of law. 
Id. When
the trial court grants one party’s motion for summary judgment and denies the
other, we review both motions; and, if we find the trial court erred, we will
reverse and render the judgment the trial court should have rendered.  Id.; Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999).  Generally, matters of statutory construction
are legal questions, subject to de novo review. 
See State Dep’t of Highways & Pub. Transp. v. Gonzalez, 82
S.W.3d 322, 327 (Tex. 2002).

An original proceeding
for a writ of mandamus initiated in the trial court is a civil action subject
to trial and appeal on substantive law issues and rules of procedure as any
other civil suit.  Anderson v. City of
Seven Points,  806 S.W.2d 791, 792
n.1 (Tex. 1991).  A writ of mandamus will
issue to compel a public official to perform a ministerial act.  Id. at 793.  An act is ministerial when the law clearly
delineates the duty to be performed by the official with sufficient certainty
that nothing is left to the exercise of discretion.  Id. 
A writ of mandamus will not issue to compel a public official to perform
an act which involves an exercise of discretion.  Id. 
There is one exception:  a
writ of mandamus may issue in a proper case to correct a clear abuse of
discretion by a public official.  Id.  When a statute delineates the act an official
is to perform with sufficient certainty so nothing is left to the exercise of
discretion, the case involves only performance of a ministerial act, and is
subject to mandamus.  See id.








Under the Uniform
Declaratory Judgments Act, a person whose rights are affected by a statute may
have a court determine any question of construction arising under the statute
and may obtain a declaration of his rights under the same.  See Tex.
Civ. Prac. & Rem. Code Ann. ''
37.002, .004 (Vernon 1997).  We review
declaratory judgments under the same standards as other judgments and
decrees.  See Tex. Civ. Prac. & Rem. Code Ann. ' 37.010 (Vernon 1997); City
of Galveston v. Giles, 902 S.W.2d 167, 170 (Tex. App.CHouston [1st Dist.] 1995,
no writ).  We look to the procedure used
to resolve the issue at trial to determine the standard of review on
appeal.  Giles, 902 S.W.2d at
170.  Here, because the trial court
resolved the case on competing motions for summary judgment in the face of
undisputed facts,  we review the
propriety of the trial court=s
denial of the declaratory judgment under the same standards we apply to the
summary judgment.  See Unauthorized
Practice of Law Comm. v. Jansen, 816 S.W.2d 813, 814 (Tex. App.CHouston [14th Dist.]
1991, writ denied) (case submitted on agreed stipulation of facts and motion
for summary judgment).

DISCUSSION

Texas Government Code
section 614.022 provides, “To be considered by the head of a . . . police
department, the complaint must be:  (1)
in writing;  and (2) signed by the person
making the complaint.”  Tex. Gov’t Code Ann.
' 614.022 (Vernon
1994).  It is undisputed that Chief
Taylor is the head of the SLPD.  It is
undisputed that the investigation of Guthery arose from an incident brought to
the attention of the Sugar Land Police when a citizen called to report damage
to her door.  It is also undisputed that
the citizen never provided SLPD or Chief Taylor with a written and signed
complaint.  Finally, it is undisputed
that Chief Taylor signed the “Notice of Proposed Discipline,” which Guthery
received on April 7, 2000, six days before he met with Chief Taylor.  We must therefore decide whether, as
appellees argue, the Notice suffices as the written and signed complaint
required by section 614.022. 








A court’s objective in
construing a statute is to determine and give effect to the legislature=s intent.  Tex‑Air Helicopters, Inc. v.
Galveston County Appraisal Review Bd., 76 S.W.3d 575, 581 (Tex. App.CHouston [14th Dist.]
2002, pet. denied).  We presume the
legislature intended the plain meaning of the words it used.  Id. 
If possible, we must ascertain the legislature’s intent from the
language of the statute and not resort to extraneous matters for an intent not
stated in the statute.  Id.  When interpreting a statute, we consider the
entire act, its nature and object, and the consequence that would follow from
each construction.  Id.  We must reject any statutory interpretation
that defeats the legislative purpose.  Id.  In interpreting the provisions of the
Government Code in question, we may look to the Code Construction Act for
assistance.  See Tex. Gov’t Code Ann.
' 1.002 (Vernon 1988) (stating Code
Construction Act applies to construction of each provision of the Code, except
as otherwise provided); Tex. Gov’t Code Ann. '
311.002 (Vernon 1998) (stating chapter applies to each code
enacted by 60th or subsequent legislature as part of state’s continuing
statutory revision program).

In interpreting the
statute, we may consider the title or caption. 
See Tex. Gov’t Code Ann. '
311.023(7) (Vernon 1998); Southwestern Bell Tel. Co. v. Houston Indep. Sch. Dist., 397 S.W.2d
419, 421B22 (Tex. 1965).  Section 614.022 is captioned: “Complaint to
be in Writing and Signed by Complainant.” 
Tex. Gov’t
Code Ann. '
614.022 (Vernon 1994).[6]  Neither complaint nor complainant is defined
in sections 614.022 and 614.023.








Nevertheless, “[w]ords and phrases that have acquired a technical or
particular meaning, whether by legislative definition or otherwise, shall be
construed accordingly.”  Tex. Gov’t Code Ann.
' 311.011(b) (Vernon
1998); see Deltenre v. State,
808 S.W.2d 97, 101 (Tex. Crim. App. 1991) (concluding the term “peace officer”
has acquired technical meaning by legislative definition).  Moreover, when construing a statutory word or
phrase, a court may take into consideration the meaning of the same or similar
language used elsewhere in the act or in another act of similar nature.  L. & M.-Surco
Mfg., Inc. v. Winn Tile Co., 580 S.W.2d 920, 926 (Tex. Civ. App.CTyler 1979, writ dism’d).   When the same or a similar term is used in
the same connection in different statutes, the term will be given the same
meaning in one as in the other, unless there is something to indicate that a
different meaning was intended.  Id.[7]

“Complainant” is defined
in Local Government Code Section 143.123, as “a person claiming to be the
victim of misconduct by a fire fighter or police officer.”  Tex.
Loc. Gov=t Code Ann. ' 143.123(a)(1) (Vernon
1999).[8]  Section 143.123(f) also provides in relevant
part:

An investigator
may not conduct an interrogation of a fire fighter or police officer based on a
complaint by a complainant who is not a peace officer unless the complainant
verifies the complaint in writing before a public officer who is authorized by
law to take statements under oath.  In
an investigation authorized under this subsection, an investigator may
interrogate a fire fighter or police officer about events or conduct reported
by a witness who is not a complainant without disclosing the name of the
witness.  Not later than the 48th hour before
the hour on which an investigator begins to interrogate a fire fighter or
police officer regarding an allegation based on a complaint, affidavit, or
statement, the investigator shall give the fire fighter or police officer a
copy of the affidavit, complaint, or statement. An interrogation may be based
on a complaint from an anonymous complainant if the departmental employee
receiving the anonymous complaint certifies in writing, under oath, that the
complaint was anonymous.  This subsection
does not apply to an on‑the‑scene investigation that occurs
immediately after an incident being investigated if the limitations of this
subsection would unreasonably hinder the essential purpose of the investigation
or interrogation.  If the limitation
would hinder the investigation or interrogation, the fire fighter or police
officer under investigation must be furnished, as soon as practicable, a
written statement of the nature of the investigation, the name of each
complaining party, and the complaint, affidavit, or statement.

 

Tex. Loc. Gov’t Code Ann. ' 143.123(f) (Vernon 1999)
(emphasis added).[9]

Thus, like Government
Code section 614.022, Local Government Code section 143.123(f) contains a
requirement that the complaint be in writing. 
A signature is implicitly required because the complaint must be
verified.  The two sections appear to be
of similar nature.

Section 143.123 is part
of the Fire Fighter and Police Officer Civil Service Act (“CSA”).  See Klinger v. City of San Angelo, 902
S.W.2d 669, 671 (Tex. App.CAustin
1995, writ denied).  The purpose of the
CSA is to “to secure efficient fire and police departments composed of capable
personnel who are free from political influence and who have permanent
employment tenure as public servants.”  Tex. Loc. Gov’t Code
Ann. ' 143.001(a)
(Vernon 1999); Klinger, 902 S.W.2d at 671.  The purpose underlying Local Government Code
section 142.123 is not inconsistent with the apparent purpose of Government
Code section 614.022.








Finally, the legislative
history of section 614.022 suggests the similar nature of the two
sections.  Section 614.022 was created in
1969, and originated as Senate Bill 148. 
See Act of May 16, 1969, 61st Leg., R.S., ch. 407, ' 1, 1969 Tex. Gen. Laws
1333.  As originally drafted, Senate Bill
148 was intended to amend Texas Revised Civil Statutes Article 1269m, the
Firemen=s and Policemen’s Civil
Service Act, i.e., the precursor of present Local Government Code
section 142.123.  See House Comm. on Urban Affairs, Bill Analysis,
Tex. S.B. 148, 61st Leg., R.S. (1969); see also original bill draft in Bill File, Tex. S.B. 148,  61st Leg., R.S. (1969).[10]  The Senate Committee on Jurisprudence,
however, reported the bill adversely and substituted its own version, which did
not contain any reference to Article 1269m or the Firemen’s and Policemen=s Civil Service Act.  See “Committee Substitute for Senate
Bill 148” in Bill File, Tex. S.B.
148.  The Committee Substitute version
was passed and ultimately became Texas Revised Civil Statute Article 6252-20,
which was subsequently codified in Texas Government Code sections 614.021B614.023.  See Act of May 4, 1993, 73rd Leg.,
R.S., ch. 268, '
1, secs. 614.021B.023,
1993 Tex. Gen. Laws 583, 678B79.

Given what appears to be
the similar nature of sections 141.123 and 614.022, and considering the
definition of “complainant” in section 141.123(a)(1) as the “victim of
misconduct,” we construe the “complaint” that must be signed and in writing to
be the victim’s complaint, in this case Mrs. Scraper’s.  Thus, the “Notice of Proposed Disciplinary
Action” provided by Chief Taylor to Guthery does not suffice as the Acomplaint@ which must be signed and
in writing, and given to the officer “within a reasonable time,” as required by
Texas Government Code sections 614.022 and 614.023.[11]

In support of their
position the Notice fulfilled the requirements of sections 614.022 and
614.023., appellees direct our attention to Fudge v. Haggar,
621 S.W.2d 196 (Tex. Civ. App.CTexarkana
1981, writ ref’d n.r.e.).  In Fudge,
the appellate court concluded a letter of complaint provided to a police
officer at the conclusion of an internal affairs investigation satisfied the
requirements of former Texas Revised Civil Statute 6252B20 even though the
investigation was prompted by a call from outside the police department.  Id. at 198.








Fudge,
however, is distinguishable.  In Fudge,
a member of the Dallas County Sheriff=s
Department called a Dallas Police Department internal affairs investigator to
complain that Fudge, a patrolman with the Dallas Police Department, had engaged
in improper conduct in obtaining the release of a prisoner.  Id. at 197.  James, the internal affairs investigator,
took affidavits from two pretrial release employees and made a special written
report to the chief of police concerning the improper conduct.  Id. 
James also wrote an official letter of complaint, presented it to Fudge,
and showed Fudge the affidavits.  Id.  Fudge then complied with an instruction to
prepare a written response to the complaint. 
Id. Subsequently, the chief of police discharged Fudge for the
conduct that was the subject of the letter of complaint.  Id.

The appellate court
reasoned:

In this case we
deal with an internally generated complaint. 
Even though the initial information received by the police department
was external, coming from the Dallas County Sheriff’s Office, the entire investigation
began within the police department. 
Officer James testified that on October 19, 1979, he gave Fudge his
letter of complaint and affidavits concerning all three incidents.  He directed Fudge to respond to the specific
acts of misconduct and Fudge did so on that day.  The appellees argue that Fudge was aware of,
understood, and replied to each of the charges of misconduct for which he was
discharged and that the complaint against him was valid.  We agree. 
The complaint was in writing, signed by the person making the complaint,
and presented to the affected officer, Robert Fudge, prior to the taking of
disciplinary action.  It was in
compliance with Tex. Rev. Civ. Stat. Ann. art. 6252B20 . . . .

 

Id. at 198.

Thus, the Fudge
court addressed a situation in which an internal investigation produced a
complaint supported by signed affidavits, and the court held such a complaint
complied with the precursor statute to sections 614.022 and 614.023.  In the present case, however, we only have
Chief Taylor=s
Notice to Guthery, charging Guthery with the violations.  Guthery was not presented with an affidavit
from Mrs. Scraper or anything signed by her. 
There is nothing to indicate Guthery was presented with affidavits from
any other witnesses or presented with the internal affairs report.  On the facts before us, we conclude the
procedure in the present case was not in compliance with Texas Government Code
sections 614.022 and 614.023.  We now
turn to the appropriate remedy.








Section 614.023(b)
provides that “[d]isciplinary action may not
be taken against the officer . . . unless a copy of the signed complaint is
given to the officer or employee.”  Tex. Gov=t
Code Ann. '
614.023(b) (Vernon 1994) (emphasis added). “‘May not’ imposes a prohibition and
is synonymous with ‘shall not.’”  Tex. Gov’t Code Ann.
' 311.016(5) (Vernon
1998).  Under the undisputed facts of
this case, we hold Chief Taylor had a clear duty to refrain from taking
disciplinary action against Guthery when the only “complaint” offered to
satisfy sections 614.022 and 614.023 was the Chief’s “Notice of Proposed
Disciplinary Action.”

We sustain Guthery=s issue two.  Because we sustain Guthery’s
issue two, it is not necessary to address issue one, by which he argues he did
not receive the “complaint” within a reasonable time.




CONCLUSION

We reverse the summary judgment in favor
of appellees and render judgment in favor of Guthery (1) declaring appellees’
actions violated Texas Government Code sections 614.022 and 614.023, and (2)
ordering appellees withdraw the disciplinary action and restore Guthery=s back pay and benefits.

 

 

/s/        John S. Anderson

Justice

 

 

 

 

Judgment rendered and Opinion filed July 17, 2003.

Panel consists of Justices Anderson, Seymore, and Guzman.











[1]  We derive the
factual background not only from the summary judgment proof presented, but also
from the pleadings.  We recognize facts
asserted in the pleadings are not competent summary judgment evidence.  See Laidlaw Waste
Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 661 (Tex. 1995).  Neverthless, both
parties concede the facts are undisputed and refer to factual assertions
alleged in the pleadings.





[2]  The note read
as follows: “Homeowner claims her front door was damaged.  Kids claim Officer Guthery beat on the front
door, but they wouldn’t answer. 
Inference is being made that the Officer damaged the door.  Lt. Lund wants the following answered.”  Lund wanted to know how Guthery knew the
defendant=s cup contained beer, why Guthery was at the
residence, how the defendant was identified, and what happened when Guthery went
to the front door.  When Officer Webster
presented the report to Guthery, Guthery was told there was no complaint, but
the questions needed to be answered for clarification purposes.





[3]  Prior to
answering the questions, Guthery asserted his Garrity
rights against compelled self-incrimination.  See Garrity v.
New Jersey, 385 U.S. 493, 500, 87 S. Ct. 616, 620 (1967) (holding
Fourteenth Amendment protection against coerced statements prohibits use in
subsequent criminal proceedings of statements obtained under threat of removal
from office and prohibition extends to all, regardless of whether they are
policemen or members of body politic).





[4]  The suspension
was to run from April 27, 2000, through April 29, 2000.  The rules Guthery was accused of violating
were “SLPD Rule #1 Conduct Unbecoming to a Police Employee” and “Chapter 30,
Directive 2 B Recording Devices.” 
Guthery was to be suspended for causing damage to Mrs. Scraper’s front
door and for failing to tape record the incident on January 29, 2000.





[5]  See Tex. Civ. Prac. & Rem. Code Ann. ''  37.001B.011 (Vernon 1997 & Supp. 2003).





[6]  This caption was
added when the statute was codified in the Government Code.  See Act of May 4,
1993, 73rd Leg., R.S., ch. 268, ' 1, sec. 614.022,
1993 Tex. Gen. Laws 583, 679.





[7]  The court
continued, “This rule applies with particular force where the meaning of a word
as used   in one act is clear or has been
judicially determined, and the same word is subsequently used in another act
pertaining to the same subject.”  L.
& M.-Surco Mfg., Inc. v. Winn Tile Co., 580
S.W.2d 920, 926 (Tex. Civ. App.CTyler 1979, writ dism’d).  As discussed below, we find the definition of
“complainant” in a subsequently enacted statute.  Nevertheless, given the relationship between
the two statutes, we apply the rule stated in L. & M.-Surco. 





[8]  Texas Local
Government Code section 143.312(b)(1) also contains the identical definition of
“complainant.”  Tex. Loc. Gov’t Code Ann. ' 143.312(b)(1) (Vernon 1999).  The subchapter of which the section is a part
applies to municipalities with populations of 460,000 or more that operate
under a city manager form of government. 
Tex. Loc. Gov=t Code Ann. ' 143.301 (Vernon 1999).





[9]  Texas Local
Government Code section 143.312 (g) contains a similar provision prohibiting
interrogation Abased on a complaint by a complainant who is not a
fire fighter or a police officer unless the complainant verifies the complaint
in writing before a public officer who is authorized by law to take statements
under oath.@  Tex. Loc. Gov=t Code Ann. ' 143.312(g) (Vernon 1999).





[10]  The Bill File
is available from the Texas State Library and Archives Commission.





[11]  We also note
that adopting appellees’ interpretation would result in an officer’s being
disciplined based on another officer’s hearsay characterization of a citizen=s complaint, as opposed to the actual content of the
complaint itself.