# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

September 27, 2004

Shirley J. Neeley, Ed.D.
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701

Opinion No. GA-0251

Re: Whether section 37.081(f) of the Education Code, concerning school district peace officers, conflicts with chapter 614, subchapter B of the Government Code, concerning complaints against certain law enforcement officers, police officers, and fire fighters (RQ-0204-GA)

Dear Commissioner Neeley:

On behalf of New Caney Independent School District (the "District"), you ask whether section 37.081(f) of the Education Code, concerning school district peace officers, conflicts with chapter 614, subchapter B of the Government Code, concerning complaints against certain law enforcement officers, police officers, and fire fighters.[1]

Under the Education Code, a school district superintendent has general administrative responsibility for the day-to-day operations of the district. *See* TEX. EDUC. CODE ANN. § 11.201(d)(5) (Vernon Supp. 2004). The superintendent has responsibility for the assignment and evaluation of all district personnel and initiates the termination or suspension of employees. *See id.* § 11.201(d)(2), (4). Specifically concerning school district law enforcement personnel, section 37.081 of the Education Code authorizes the board of trustees of any school district to commission peace officers and to define the officers' territorial jurisdiction and duties. *See id.* § 37.081(a), (d), (e) (Vernon 1996). Such peace officers must meet all minimum standards for peace officers established by the Commission on Law Enforcement Officer Standards and Education and be licensed by that commission. *Id.* § 37.081(f), (h); *see also* TEX. CODE CRIM. PROC. ANN. art. 2.12(8) (Vernon Supp. 2004) (listing persons commissioned under section 37.081 as a "peace officer"). With respect to officer supervision, Education Code section 37.081(f) provides:

> The chief of police of the school district police department shall be accountable to the superintendent and shall report to the superintendent or the superintendent's designee. School district

---

[1]*See* Letter from Shirley J. Neeley, Ed.D., Commissioner of Education, Texas Education Agency, to Honorable Greg Abbott, Texas Attorney General (Apr. 6, 2004) (on file with Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter Request Letter].

police officers shall be supervised by the chief of police of the school district or the chief of police's designee and shall be licensed by the Commission on Law Enforcement Officer Standards and Education.

TEX. EDUC. CODE ANN. § 37.081(f) (Vernon 1996).

Subchapter B of the Government Code is entitled "Complaint Against Law Enforcement Officer or Fire Fighter." TEX. GOV'T CODE ANN. §§ 614.021-.023 (Vernon 1994). The subchapter applies only to a complaint against:

> (1) a law enforcement officer of the State of Texas, including an officer of the Department of Public Safety or of the Texas Alcoholic Beverage Commission;
>
> (2) a fire fighter who is not covered by a civil service statute; or
>
> (3) a police officer who is not covered by a civil service statute.

*Id.* § 614.021. Section 614.022 states that "[t]o be considered by the head of a state agency or by the head of a fire or police department, the complaint must be: (1) in writing; and (2) signed by the person making the complaint." *Id.* § 614.022. A copy of a signed complaint against a law enforcement officer, fire fighter, or police officer must be given to the officer within a reasonable time after the complaint is filed, without which no disciplinary action may be taken. *See id.* § 614.023.

The District wants the superintendent to be able to administer appropriate discipline with or without a complaint in the interest of school safety.[2] Specifically, the District is concerned that children or their parents may be unable or disinclined to file a written, signed complaint. *See* New Caney I.S.D. Letter, *supra* note 2, at 2. Additionally, the District suggests that chapter 614, subchapter B of the Government Code conflicts with the duties of a superintendent to evaluate the conduct of all personnel and to initiate the termination or suspension of employees. *See id.*

As a preliminary matter, we note that neither section 37.081 of the Education Code nor chapter 614, subchapter B of the Government Code defines the term "police officer" or suggests that it has other than its ordinary meaning. Section 614.021's only restriction is that it does not apply to police officers who are covered by a civil service statute. *See* TEX. GOV'T CODE ANN. § 614.021(3) (Vernon 1994). Giving the term "police officer" its ordinary meaning, we conclude that a police officer of a school district police department will be subject to chapter 614, subchapter B of the Government Code, absent conflict with some other statute. *See id.* § 311.011(a) (Vernon 1998) (words are to be construed in context and according to common usage unless they have acquired a

---

[2]*See* Letter from Richard Cowan, Superintendent of Schools, New Caney Independent School District, to Shirley J. Neeley, Ed.D., Commissioner of Education, Texas Education Agency, at 2 (Mar. 11, 2004) (on file with Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter New Caney I.S.D. Letter].

technical or particular meaning); *see also L & M-Surco Mfg., Inc. v. Winn Tile Co.*, 580 S.W.2d 920, 926 (Tex. Civ. App.–Tyler 1979, writ dism'd) (when "the same or a similar term is used in the same connection in different statutes, it will be given the same meaning in one that it has in another, unless there is something to indicate that a different meaning was intended").

The District has suggested that sections 614.022 and 614.023 of the Government Code conflict with a superintendent's duties under section 11.201(d) and section 37.081 of the Education Code. *See* New Caney I.S.D. Letter, *supra* note 2, at 2. Under section 37.081, a peace officer is supervised by the chief of police of the school district (or a designee), and the chief of police is accountable to the superintendent. *See* TEX. EDUC. CODE ANN. § 37.081(f), (h) (Vernon 1996). Thus, a superintendent does not have direct responsibility for disciplining officers of a school district police department. *See id.* A chief of police may supervise and discipline a school district officer under section 37.081(f) of the Education Code after providing the notice required by sections 614.022 and 614.023 of the Government Code. A superintendent may exercise the duty under section 11.201(d) to evaluate and "initiat[e] the termination or suspension of an employee" such as a police officer of the school district police department, as long as the officer/employee receives a copy of the complaint prior to the imposition of such disciplinary measures. *See id.* § 11.201(d)(2), (4) (Vernon Supp. 2004); *see also* TEX. GOV'T CODE ANN. § 614.023(b) (Vernon 1994). Accordingly, we conclude that chapter 614, subchapter B of the Government Code does not conflict with a superintendent's duties under sections 11.201(d) and 37.081 of the Education Code.

We disagree with the district that a construction giving effect both to section 37.081 of the Education Code and to chapter 614, subchapter B of the Government Code would be unworkable because children or their parents may be unable or disinclined to provide a written complaint. The authority of a head of a police department to discipline is not limited to complaints filed by a citizen under section 614.022 of the Government Code. *Compare Fudge v. Haggar*, 621 S.W.2d 196, 198 (Tex. App.–Texarkana 1981, writ ref'd n.r.e.) (a complaint signed by an internal affairs investigator satisfied the requirements of the predecessor statute to chapter 614, subchapter B of the Government Code) *with Guthery v. Taylor*, 112 S.W.3d 715, 723 (Tex. App.–Houston [14th Dist.] 2003, no pet.) (police chief's notice of charges, without signed written complaint from person making complaint or internal affairs report, did not satisfy requirements of sections 614.022 and 164.023 of the Government Code). As circumstances warrant, a superintendent of the school district or others may initiate disciplinary action by filing a signed complaint, or complaints may prompt an internal investigation and report by the police department sufficient to satisfy the requirements of chapter 614 of the Government Code.

## S U M M A R Y

Section 37.081(f) of the Education Code, concerning school district peace officers, does not conflict with chapter 614, subchapter B of the Government Code, concerning complaints against certain law enforcement officers, police officers, and fire fighters. A school district police department cannot take disciplinary action on a complaint against a police officer without giving the officer a copy of the complaint signed by the complainant.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee