# NO. 12-07-00434-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CITY OF ATHENS,*<br>*APPELLANT* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *JAMES MACAVOY,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *OPINION*

The City of Athens, Texas appeals from the trial court's order dismissing the City's appeal from a hearing examiner's decision to reinstate James MacAvoy as a police officer. In two issues, the City argues that the trial court should have considered its arguments that the hearing examiner exceeded his jurisdiction by applying or by applying and misconstruing Subsection 614.023(b) of the government code. We reverse and remand in part and affirm in part.

### BACKGROUND

The police chief for the City of Athens Police Department placed James MacAvoy, a police officer, on indefinite suspension after an investigation revealed that MacAvoy had engaged in sexual relations with a woman while on duty and committed various other violations of department policy. The investigation began after MacAvoy's actions were brought to the attention of the police department by the woman's husband.

MacAvoy appealed his indefinite suspension. Pursuant to law, MacAvoy requested that the appeal be heard by an independent hearing examiner. A two day hearing was held, and MacAvoy argued that he must be reinstated because he was not provided with the appropriate signed

complaints before he was disciplined. Subsection 614.023(b) of the Texas Government Code requires that a signed complaint be provided to a police officer before discipline can be imposed. The police chief had named himself as the complainant, and did not provide the statements of the woman and her husband before imposing discipline. The hearing examiner determined that the woman and her husband were the complainants and that discipline could not be imposed because their signed complaints had not been provided to MacAvoy. The hearing examiner ordered MacAvoy to be reinstated with back pay.

The City appealed the hearing examiner's decision to the district court. The City alleged that the hearing examiner was without jurisdiction to apply Section 614.023 and that his misinterpretation of the statute resulted in a decision that exceeded his jurisdiction. MacAvoy filed a plea to the jurisdiction, arguing that the district court lacked jurisdiction to consider the City's appeal. The district court granted MacAvoy's plea to the jurisdiction. This appeal followed.

### JURISDICTION

The City argues that it properly invoked the jurisdiction of the trial court, and that the court erred in granting MacAvoy's plea to the jurisdiction.

### Standard of Review

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits should never be reached. *Id.*

The question of subject matter jurisdiction is a legal question, and we review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004). We consider the facts alleged in the petition and, to the extent it is relevant to the jurisdictional issue, any evidence submitted by the parties to the trial court. *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001).

### Applicable Law

Employment matters for police officers, including hiring and firing, are governed by statute, unless the municipality and the workers have reached a separate collective bargaining agreement.

*See generally* TEX. LOC. GOV'T CODE ANN. §§ 143.001–.057 (Vernon 2008). A police officer who is fired, or placed on an indefinite suspension, can appeal that determination. *Id.* § 143.053. The appeal is to the Police Officers' Civil Service Commission. *Id.* §§ 143.003(1), 143.053(b). Alternately, the police officer may elect to have an independent hearing examiner hear the appeal. *Id.* § 143.057. The hearing examiner's decision is final and binding on all parties. *Id.* § 143.057(c). A party[1] may appeal the hearing examiner's decision on the grounds that the examiner "was without jurisdiction or exceeded [his] jurisdiction or that the order [of the examiner] was procured by fraud, collusion, or other unlawful means." *Id.* § 143.057(j).[2] The appeal is to the district court having jurisdiction in the municipality in which the police department is located. *Id.*

At issue in this case is Texas Government Code Subsection 614.023(b), which provides that "[d]isciplinary action may not be taken against the officer or employee unless a copy of the signed complaint is given to the officer or employee."

**Jurisdiction to Apply Subsection 614.023(b)**

In the City's first issue, it argues that the trial court had jurisdiction to consider its argument that the hearing examiner exceeded his jurisdiction by applying Subsection 614.023(b). MacAvoy responds that the hearing examiner had jurisdiction to apply Subsection 614.023(b) because the government code states that it applies to the type of disciplinary proceeding at issue here. *See* TEX. GOV'T CODE ANN. § 614.021(a)(3) (Vernon Supp. 2007) (stating that section 614.023 applies to a complaint against a peace officer appointed or employed by a political subdivision of the state.).

The City argued in the trial court that Subsection 614.023(b) should not apply because the predecessor to the current version of Section 614.021 would not have covered MacAvoy. That statute was amended in 2005, and the predecessor statute contains slightly different language when describing the officers to which it applied. *See* Act of May 22, 1993, 73rd Leg. R.S., ch. 268, 1993

---

[1] Although not specifically provided for by statute, a city may appeal an independent hearing examiner's decision. *City of Houston v. Clark*, 197 S.W.3d 314, 315 (Tex. 2006); *Nuchia v. Tippy*, 973 S.W.2d 782, 785 (Tex. App.–Tyler 1998, no pet.).

[2] Section 143.057(j) states that it is the decision of the "arbitration panel" that can be appealed to the district court. The Texas Supreme Court, when construing an identical statute, found this language "difficult to explain" but presumed that an "arbitration panel" included an independent hearing examiner. *Clark*, 197 S.W.3d at 318 n.5 (interpreting TEX. LOC. GOV'T CODE ANN. § 143.1016(j) (Vernon 2008)).

3

Tex. Gen. Laws 678–79 (amended 2005) (current version at TEX. GOV'T CODE ANN. § 614.021 (Vernon Supp. 2007). The City argued that the legislature did not intend to make changes when it amended Section 614.021 and that the present statute should be read to have the same breadth as its predecessor.

Regardless of the merits of the City's argument, and regardless of whether Section 614.021 is sufficiently ambiguous to require the kind of analysis the City proposes, the City's claim that the hearing examiner applied a statute he had no jurisdiction to apply is one that invokes the jurisdiction of the district court. In fact, by statute, the question of whether the hearing examiner exceeded his jurisdiction is, essentially, the only issue the trial court could consider. *See* TEX. LOC. GOV'T CODE ANN. § 143.057(j).

A similar argument was addressed in *City of Pasadena v. Smith*, No. 01-05-01157-CV, 2006 Tex. App. LEXIS 8177 (Tex. App.–Houston [1st Dist.] 2006, pet. granted). In *Smith*, the hearing examiner found in favor of the officer in an appeal from an indefinite suspension because the police chief was not present at the appeal hearing and therefore could not, as required by Subsection 143.1015(k) of the Texas Local Government Code, submit a written statement and charges to the hearing examiner. *Id.*, at *3–4. The city appealed that decision to the district court, and the district court granted the officer's plea to the jurisdiction. *Id.*, at *5–6. The court of appeals affirmed, holding that the hearing examiner had the authority to apply Subsection 143.1015(k). The court further held that even though his application of Subsection 143.1015(k) was clearly erroneous, he did not exceed his jurisdiction because his jurisdiction included the application and construction of statutes within chapter 143. *Id.*, at *3 n.2, 11–14. The court dismissed the city's argument that it was challenging the hearing examiner's jurisdiction to apply Subsection 143.1015(k), concluding that the argument was simply that the hearing examiner reached the wrong conclusion. *Id.*, at *13–14.

Although the City's argument in this case is similar to that in *Smith*, it differs in an important respect. The hearing examiner in *Smith* applied a statute within chapter 143, and a hearing examiner has the authority to apply statutes within chapter 143. *See Lindsey v. Fireman's and Policeman's Civil Serv. Comm'n*, 980 S.W.2d 233, 236 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). In the case before us, the hearing examiner applied a statute outside of chapter 143, specifically Section

4

614.023 of the Texas Government Code, and the City asserted that this application of the statute was not authorized by law.

Even if it is wrong on the merits, the City made a sufficiently focused assertion that the hearing examiner applied a statute that he had no jurisdiction to apply. This invoked the jurisdiction of the district court, and the court should have decided the issue on the merits. We sustain the City's first issue.

## Construction of Subsection 614.023(b)

In its second issue, the City argues that the trial court should have reached the merits of its argument that the hearing examiner exceeded his jurisdiction by misconstruing Subsection 614.023(b). Specifically, the City argues that the police chief could serve as a complainant. Therefore, the City argues that even if the hearing examiner had jurisdiction to apply Subsection 614.023(b), he erred, and exceeded his jurisdiction, by finding that the woman and her husband were complainants.

The court in **Smith** held that this argument, that the hearing examiner decided a question of law incorrectly, did not present a jurisdictional challenge. *See* **Smith**, 2006 Tex. App. LEXIS 8177, at \*13. Hearing examiners have the jurisdiction to apply statutes and construe them in light of the facts presented to them. *See*, *e.g.*, **Williams v. Houston Firemen's Relief and Ret. Fund**, 121 S.W.3d 415, 430 (Tex. App.–Houston [1st Dist.] 2003, no pet.). Therefore, we agree with the other courts that have concluded a hearing examiner does not exceed his jurisdiction by interpreting statutes that he has the jurisdiction to apply. *See* **Bradford v. Pappillion**, 207 S.W.3d 841, 846 (Tex. App.–Houston [14th Dist] 2006, no pet.) ("Because the hearing examiner's decision is well within a reasonable interpretation of the statute, the City's challenge on appeal fails to demonstrate that the trial court erred in affirming it . . . ."); **City of Houston v. Williams**, 99 S.W.3d 709, 717 (Tex. App.–Houston [14th Dist.] 2003, no pet.), *rev'd on other grounds,* 216 S.W.3d 827 (Tex. 2007) ("Hearing examiners wield the undoubted authority to interpret the relevant statutory provisions and to make a decision in that regard.").

The question of whether a misinterpretation of a statute could go so far as to be an extrajurisdictional act is not presented here. *See*, *e.g.*, **City of Garland v. Byrd**, 97 S.W.3d 601, 607 (Tex. App.–Dallas 2002, pet. denied) ("An abuse of authority occurs when a decision is so arbitrary

and unreasonable that it amounts to a clear and prejudicial error of law."). Any misinterpretation by the hearing examiner in this case turns on whether the husband and wife are the complainants. Two courts of appeals have considered who may be a "complainant" in cases with factual backgrounds similar to this case and reached different conclusions. In *Guthery v. Taylor*, 112 S.W.3d 715, 724 (Tex. App.–Houston [14th Dist.] 2003, no pet.), the court concluded that a family who complained that a police officer damaged their front door were the complainants, and the failure to tender their complaints was fatal to the imposed discipline. By contrast, in *Fudge v. Haggar*, 621 S.W.2d 196, 197–98 (Tex. App.–Texarkana 1981, writ ref'd n.r.e.), the court held, under a predecessor statute, that an outside source whose report of misconduct prompted an investigation was not a complainant because the entire subsequent investigation occurred within the police department. This case falls between those two bounds.

MacAvoy did not necessarily break any penal laws, but his conduct was far outside what is expected of a public servant. The City's argument that the police department is the true victim of this kind of misconduct is well taken, and this case is like *Fudge* in that an external source prompted an internal investigation that discovered MacAvoy's misconduct. On the other hand, the officer in *Fudge* was provided with affidavits from witnesses that detailed the complaint against him. MacAvoy, like the officer in *Guthery*, was not provided with witness statements.

With these two divergent holdings for fact patterns that have elements in common with the facts in this case, the hearing examiner's construction of the statute is not so far outside the range of reasonable decisions that we can conclude the City made a claim that the examiner exceeded his jurisdiction. The City's argument is that the hearing examiner made an error in applying a legal standard to a factual situation. This is merely an argument that the hearing examiner reached the wrong result. Accordingly, we hold that the City's argument that the hearing examiner incorrectly construed the statute failed to state a claim that the hearing examiner exceeded his jurisdiction and therefore failed to invoke the jurisdiction of the trial court. We overrule the City's second issue.

## CONCLUSION

The trial court has jurisdiction to consider whether a hearing examiner's application of a statute was outside the hearing examiner's jurisdiction. Accordingly, we *reverse* in part for

6

consideration of that issue.  Because the hearing examiner's construction of Subsection 614.023(b), assuming he had the jurisdiction to apply it, did not exceed his jurisdiction, the trial court properly concluded that it did not have jurisdiction to consider a mere error in the examiner's construction of the statute.  Therefore, we *affirm* the trial court's order granting of the plea to the jurisdiction on that issue.


   BRIAN HOYLE   

Justice


Opinion delivered July 31, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)

7