# NO. 12-10-00259-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CITY OF ATHENS, TEXAS,*<br>*APPELLANT* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JAMES MACAVOY,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *OPINION*

The City of Athens appeals from the trial court's order granting James MacAvoy's motion for summary judgment, which had the effect of reinstating him as a police officer with the City. In two issues, the City argues that a hearing examiner exceeded his jurisdiction by reinstating the officer on the basis of a procedural defect in the disciplinary process. We reverse and remand.

## BACKGROUND

The police chief for the City of Athens Police Department placed James MacAvoy, a police officer, on indefinite suspension after an investigation revealed that MacAvoy had engaged in sexual relations with a woman while on duty and committed various other violations of department policy. The investigation began after MacAvoy's actions were brought to the attention of the police department by the woman's husband.

An indefinite suspension ends a police officer's employment, and MacAvoy appealed his termination. Pursuant to law, MacAvoy requested that the appeal be heard by an independent hearing examiner. A two day hearing was held. Section 614.023, Texas Government Code, requires that a signed complaint be provided to a police officer before discipline can be imposed. The police chief had treated himself as the complainant, and did not provide the statements of the

1

woman and her husband before imposing discipline. The hearing examiner determined that the woman and her husband were the complainants and that discipline could not be imposed because their signed complaints had not been provided. Therefore, the hearing examiner ordered MacAvoy to be reinstated with back pay.

The City of Athens appealed the hearing examiner's order to the district court. The City argued that the hearing examiner was without jurisdiction to apply Section 614.023 and that his interpretation of the statute exceeded his jurisdiction. MacAvoy made a plea to the jurisdiction, arguing that the district court lacked jurisdiction to consider the City's appeal. The district court granted MacAvoy's plea to the jurisdiction, and the City appealed. This court reversed and remanded in part, holding that the question of whether the hearing examiner had jurisdiction to apply Section 614.023 was a question the district court had jurisdiction to review.[1]

The district court decided that the hearing examiner did not exceed his jurisdiction, granted MacAvoy's motion for summary judgment, and entered a final order in which it ordered MacAvoy to be reinstated. The City appealed.

## JURISDICTION

In two issues, the City argues that the hearing examiner exceeded his jurisdiction by applying Section 614.023, Texas Government Code, and overturning the discipline imposed on MacAvoy because a signed copy of the complaint had not been served on him prior to his discipline.

### Applicable Law and Standard of Review

Employment matters for police officers and firefighters, including hiring and firing, are governed by statute, unless the municipality and the workers have reached a separate collective bargaining agreement. *See generally* TEX. LOC. GOV'T CODE ANN. ch. 143 (Vernon 2008). A police officer who is fired, or placed on an indefinite suspension, can appeal that determination. *Id*. § 143.053. The appeal is to the Police Officers' Civil Service Commission. *Id*. §§ 143.003(1), 143.053(b). However, the police officer may elect to have an independent hearing examiner hear the appeal. *Id*. § 143.057. The hearing examiner's decision is final and

---

[1] *See **City of Athens v. MacAvoy**, 260 S.W.3d 676 (Tex. App.–Tyler 2008, no pet.).

binding on all parties. *Id*. § 143.057(c). A party[2] may appeal the hearing examiner's decision on the grounds that the examiner "was without jurisdiction or exceeded [his] jurisdiction or that the order [of the examiner] was procured by fraud, collusion, or other unlawful means." *Id*. at § 143.057(j).[3] Appeal is to the district court. *Id*.

Section 614.023 requires that a copy of a "signed complaint against a law enforcement officer" must be served on the officer "within a reasonable time after the complaint is filed." TEX. GOV'T CODE ANN. § 614.023(a) (Vernon Supp. 2010). The statute further requires that the officer or employee may not be indefinitely suspended or terminated from employment unless the subject matter of the complaint is investigated and there is evidence to prove the allegation of misconduct. *Id*. § 614.023(c). Finally, the statute provides that disciplinary action may not be taken against an officer unless a copy of the signed complaint is given to him. *Id*. § 614.023(b).

Summary judgments are reviewed de novo. *See **Valence Operating Co. v. Dorsett***, 164 S.W.3d 656, 661 (Tex. 2005). There are no disputed facts in this case, and the issues raised in this appeal involve statutory construction, which is also subject to de novo review. *See **City of Rockwall v. Hughes***, 246 S.W.3d 621, 625 (Tex. 2008). In determining the legislature's intent in enacting a statute, courts should look to the plain meaning of the words used in the statute. *See **Fireman's Fund Cnty. Mut. Ins. Co. v. Hidi***, 13 S.W.3d 767, 768-69 (Tex. 2000).

**Analysis**

The question presented is whether the hearing examiner had jurisdiction to dismiss the discipline imposed on MacAvoy because the City failed to provide him with a copy of the signed complaints before imposing discipline. In the first appeal in this case, we noted that the case was similar to *City of Pasadena v. Smith*, 263 S.W.3d 80 (Tex. App.–Houston [1st Dist.] 2006), *rev'd by* 292 S.W.3d 14, 22 (Tex. 2009). In that case, the hearing examiner applied a statute that required the department head to be present at the hearing to review the discipline imposed on an officer, and reinstated the officer because the department head was not present. *City of Pasadena*, 292 S.W.3d at 16. The hearing examiner did this under the authority of a statute that

---

[2] Although not specifically provided for by statute, a city may appeal an independent hearing examiner's decision. *City of Houston v. Clark*, 197 S.W.3d 314, 315, 324 (Tex. 2006); *Nuchia v. Tippy*, 973 S.W.2d 782, 785 (Tex. App.–Tyler 1998, no pet.).

[3] Section 143.057(j) states that it is the decision of the "arbitration panel" that can be appealed to the district court. Because the statute refers to a hearing examiner, the Texas Supreme Court, while finding the language "difficult to explain," applied it as if it were the hearing examiner's decision that could be appealed. *Clark*, 197 S.W.3d at 318 n.5.

applied to employment disputes for larger cities, but not to the city of Pasadena. *Id*. (referencing TEX. LOC. GOV'T CODE ANN. 143.1015(k) (Vernon 2008)).

The court of appeals held that the city's argument that the hearing examiner applied a statute which was, by its own terms, inapplicable, was not a challenge to the jurisdiction of the hearing examiner, and could not be reviewed. *City of Pasadena*, 263 S.W.3d at 85. In reversing, the supreme court held that the hearing examiner exceeded his jurisdiction by applying a statute that did not pertain to that dispute. *City of Pasadena*, 292 S.W.3d at 20. The court also went further to write about the role of hearing examiners. Specifically, the court found it important that the civil service commission, whose authority is the same as a hearing examiner, was permitted to consider "only the evidence submitted at the hearing" when reaching a decision. *Id*. (citing TEX. LOC. GOV'T CODE ANN. § 143.010(g) (Vernon 2008)). The court combined that requirement with the hearing examiner's application of an inapplicable statute to determine that he exceeded his jurisdiction. *Id*. at 20. In defining the scope of the hearing examiner's jurisdiction, the court held that a hearing examiner exceeds his jurisdiction "when his acts are not authorized by the Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine." *Id*. at 21.

The court did not apply the full test of the nondelegation doctrine in *City of Pasadena* because, by using an inapplicable statute, the hearing examiner created a procedural rule, something that he had no authority to do. *Id*. at 20 ("[Appellee] argues that the hearing examiner could reasonably have concluded that since section 143.1015(k) requires the presence of the department head at civil service appeal proceedings in Houston, the same rule should apply in other cities. But the Act does not empower a hearing examiner to make rules."). If this is interpreted strictly, as the City would have us do, the conclusion could be reached that Section 614.023(b) does not apply to hearing examiner hearings because that section is outside of the Fire Fighters and Police Officers' Civil Service Act (Chapter 143 of the Texas Local Government Code). *See id*. at 15. There are problems with this construction, however. First, the legislature specifically stated that Subchapter B of Chapter 614, Texas Government Code, which includes Section 614.023, applies to complaints against law enforcement officers. *See* TEX. GOV'T CODE ANN. § 614.021 (Vernon Supp. 2010). Indeed, as then–Justice Guzman wrote in *Turner v. Perry*, 278 S.W.3d 806, 823 (Tex. App.–Houston [14th Dist.] 2009, pet. denied),

> [b]y enacting sections 614.021-.023, of the Government Code, the State provided covered employees with procedural safeguards to reduce the risk that adverse employment actions would be based on unsubstantiated complaints. Moreover, the State determined that the value of these protections outweighs the fiscal and administrative burdens incurred by complying with statutory requirements.

*Turner*, 278 S.W.3d at 823. If the hearing examiner were permitted to apply Section 614.023, it seems reasonable, as we wrote in our first opinion, that the examiner would have some flexibility to define terms like "complainant" and to make other reasonable determinations. *See City of Athens*, 260 S.W.3d 676, 680-81 (Tex. App.–Tyler 2008, no pet.). However, the hearing examiner in this case did more than simply construe undefined terms in a statute. On MacAvoy's motion, the hearing examiner dismissed the discipline. This had the effect of making Section 614.023 a jurisdictional requirement for discipline. The hearing examiner did not find that MacAvoy's due process rights were violated apart from the statute or that his ability to prepare a defense was impaired. Furthermore, most of the hearing examiner's written opinion pertains to the initial claims of misconduct. The examiner duly notes that the chief of police signed a subsequent complaint for insubordination when MacAvoy disregarded an order to cease further contact with an individual. But the opinion fails to distinguish between the first claim, in which the complainant's statements were not timely provided, and the insubordination claim, where complaint of the aggrieved party, the police department, was provided.

The supreme court made clear in *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009), when construing a different but similar due process requirement, that the analysis of whether a notice statute creates a jurisdictional requirement begins with the presumption that the legislature did not intend to make a statutory requirement jurisdictional and that the presumption may be overcome only by clear legislature intent to the contrary. *Id*. at 394. At issue in *City of DeSoto* was a statutory provision that requires notice to a person being disciplined of the consequences for choosing an appeal to a hearing examiner. *Id*. at 391 (citing TEX. LOC. GOV'T CODE ANN. § 143.057(a)).

To determine if that notice requirement was jurisdictional, the court attempted to ascertain the legislative intent by examining the plain language of the statutes. *City of DeSoto*, 288 S.W.3d at 395. More particularly, the court looked to the specific language of the statute, any enumerated consequences for failure to comply, and the policy ramifications of either interpretation. *Id*. In both *City of DeSoto* and here, the relevant statute creates a mandatory requirement. In *City of DeSoto*, the statute said that a letter of disciplinary action "must" state

that the employee waives certain rights. *Id*. (citing TEX. LOC. GOV'T CODE ANN. § 143.057(a)). In this case, Section 614.023 states that a copy of a signed complaint "must" be given to the law enforcement officer and that disciplinary action "may not" be taken unless that complaint is provided. TEX. GOV'T CODE ANN. § 614.023(a),(b). The phrase "may not" is synonymous with "shall not" and imposes a prohibition. TEX. GOV'T CODE ANN. § 311.016(5) (Vernon 2008). The term "must" creates or recognizes a condition precedent. *Id*. § 311.016(3). Both are mandatory, but as the court recognized in *City of DeSoto*, "'just because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional.'" *City of DeSoto*, 288 S.W.3d at 395 (quoting *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999)).

As with the notice requirement in *City of DeSoto*, Section 614.023 contains no specific consequence for noncompliance. Furthermore, there is a good fit between this case and the analysis in *City of DeSoto* with respect to the consequences of interpretation of the statute. If the tendering of a complainant's statement prior to discipline is jurisdictional, a police officer cannot be relieved of duty even for very serious infractions if the statement is not provided prior to the imposition of discipline.[4] On the other hand, if the statement requirement is not jurisdictional, a hearing examiner can hear a case where the officer or firefighter's right to due process is respected even if the statement is presented at a time after the initial discipline is imposed.

Finally, there is the issue of precedent. The legislature is presumed to know of appellate consideration of statutes, and a slight inference can be drawn when a statute is interpreted by an appellate court and the legislature does not take corrective action. *See e.g.*, *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 470-71 (Tex. 2009); *but see* *Fort Worth Osteopathic Hosp., Inc. v. Reese,* 148 S.W.3d 94, 97 (Tex. 2004). In two divergent cases, the courts considered and construed statutes requiring a complainant's statement to be provided before the imposition of discipline. *See* *Guthery v. Taylor*, 112 S.W.3d 715, 724 (Tex. App.–Houston [14th Dist.] 2003, no pet.); *Fudge v. Haggar*, 621 S.W.2d 196, 197-98 (Tex. App.–Texarkana 1981, writ ref'd n.r.e.); *see also* *Treadway v. Holder*, 309 S.W.3d 780, 781-82 (Tex. App.–Austin 2010, pet. denied). The issue in those cases was not whether providing the complainant's statement was a condition precedent to the imposition of discipline, but the opinions treated it as if it were.

---

[4] In most cases, a municipality will not have the opportunity to rectify a problem with providing the complainant's statement prior to the imposition of discipline because the law provides that discipline may not be imposed, for noncriminal acts, unless it is done within 180 days of discovery. *See* TEX. LOCAL GOV'T CODE § 143.052(h) (Vernon 2008).

However, any inference that could be drawn from legislative inaction or acquiescence is slight because there have been so few cases on this issue, because the issue was not squarely presented in *Guthery* and *Fudge*, and because such inferences are of questionable weight. *See Entergy Gulf States*, 282 S.W.3d at 470-71.

On balance, we are compelled by the very similar and recent *City of DeSoto* opinion to conclude that Section 614.023 is not jurisdictional. The hearing examiner treated the complaint requirement as a jurisdictional threshold.[5] In light of the recent opinions from the Texas Supreme Court in *City of DeSoto* and *City of Pasadena*, we conclude that the hearing examiner exceeded his jurisdiction by treating Section 614.023 as jurisdictional. The *City of DeSoto* opinion makes clear, when construing a very similar statute, that even when there is a mandatory duty imposed on a municipality related to the dismissal of an employee, it does not follow that the failure to carry out that duty means the employee may not be disciplined, unless the legislature is very specific about that result. *City of DeSoto*, 288 S.W.3d at 395-97. In the absence of a legislative directive that the failure to provide a complainant's statement prior to discipline means that the officer will escape discipline, the hearing examiner exceeded his jurisdiction by crafting such a rule.[6] *See City of Pasadena*, 292 S.W.3d at 21 (". . . a hearing examiner exceeds his jurisdiction when his acts are not authorized by the Act or are contrary to it . . . .").

Furthermore, the *City of Pasadena* opinion clearly states the statutory scheme for hearing examiners is organized around the examiners acting as fact finders with respect to the allegations against covered employees. *City of Pasadena*, 292 S.W.3d at 20 ("[The statute] mandates that a decision be made on evidence submitted at the hearing."). While the examiner in this case did hold a hearing, his ruling was based on the issue of statutory compliance, and he imposed a

---

[5] Although he held a hearing on the merits, the hearing examiner ultimately dismissed the discipline against MacAvoy because of the failure to tender what he determined was the appropriate complainant statement prior to the imposition of discipline. The hearing examiner did not describe the disclosure of the statements as a precondition to his own jurisdiction. However, he described it as a threshold issue, and his decision to overturn the discipline because the statements were not provided timely had the effect of making it a jurisdictional requirement. MacAvoy did not show, or argue, that his actual ability to defend himself was impaired, and he did not, and does not, raise an independent due process claim. Indeed, MacAvoy did not dispute the principal allegations against him and admitted most of the allegations that were made.

[6] It bears noting that the hearing examiner was diligent and thorough in his work on this case, including the way he conducted the hearing and the quality of his written work. The *DeSoto* and *Pasadena* decisions were handed down after he delivered his ruling, and his ruling was an interpretation of the precedent as it existed at the time of his ruling.

remedy that, in light of the *City of Pasadena* and *City of DeSoto* opinions, was not authorized by the Act and beyond his jurisdiction. Because we hold that the hearing examiner exceeded his jurisdiction, we also hold that the trial court erred in granting MacAvoy's motion for summary judgment. We sustain the City's first and second issues.

## DISPOSITION

Having sustained the City's first and second issues, we *reverse* the judgment of the trial court and *remand* this case to the trial court.

**BRIAN T. HOYLE**
Justice

Opinion delivered June 30, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

8