NO. 12-10-00259-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

CITY OF ATHENS, TEXAS,                          
§                  APPEAL FROM THE 392ND

APPELLANT                                                                        

 

V.                                                                      
§                   JUDICIAL DISTRICT COURT 

 

JAMES MACAVOY,

APPELLEE                                                    
§                    HENDERSON COUNTY, TEXAS







OPINION

            The
City of Athens appeals from the trial court’s order granting James MacAvoy’s
motion for summary judgment, which had the effect of reinstating him as a
police officer with the City.  In two issues, the City argues that a hearing
examiner exceeded his jurisdiction by reinstating the officer on the basis of a
procedural defect in the disciplinary process.  We reverse and remand.

 

Background

The police chief for the City of Athens Police Department
placed James MacAvoy, a police officer, on indefinite suspension after an
investigation revealed that MacAvoy had engaged in sexual relations with a
woman while on duty and committed various other violations of department
policy.  The investigation began after MacAvoy=s
actions were brought to the attention of the police department by the woman=s husband.  

An indefinite suspension ends a police officer=s employment, and MacAvoy
appealed his termination.  Pursuant to law, MacAvoy requested that the appeal
be heard by an independent hearing examiner.  A two day hearing was held. 
Section 614.023, Texas Government Code, requires that a signed complaint be
provided to a police officer before discipline can be imposed.  The police
chief had treated himself as the complainant, and did not provide the
statements of the woman and her husband before imposing discipline.  The
hearing examiner determined that the woman and her husband were the
complainants and that discipline could not be imposed because their signed
complaints had not been provided.  Therefore, the hearing examiner ordered
MacAvoy to be reinstated with back pay.

The City of Athens appealed the hearing examiner’s order to
the district court.  The City argued that the hearing examiner was without
jurisdiction to apply Section 614.023 and that his interpretation of the
statute exceeded his jurisdiction.  MacAvoy made a plea to the jurisdiction,
arguing that the district court lacked jurisdiction to consider the City=s appeal.  The district
court granted MacAvoy=s
plea to the jurisdiction, and the City appealed. This court reversed and
remanded in part, holding that the question of whether the hearing examiner had
jurisdiction to apply Section 614.023 was a question the district court had
jurisdiction to review.[1] 

The district court decided that the hearing examiner did not
exceed his jurisdiction, granted MacAvoy’s motion for summary judgment, and
entered a final order in which it ordered MacAvoy to be reinstated.  The City
appealed. 

 

Jurisdiction

In two issues, the City argues that the hearing examiner
exceeded his jurisdiction by applying Section 614.023, Texas Government Code,
and overturning the discipline imposed on MacAvoy because a signed copy of the
complaint had not been served on him prior to his discipline.  

Applicable
Law and Standard of Review

Employment matters for police officers and firefighters,
including hiring and firing, are governed by statute, unless the municipality
and the workers have reached a separate collective bargaining agreement.  See
generally Tex. Loc. Gov=t Code Ann. ch. 143 (Vernon 2008).  A
police officer who is fired, or placed on an indefinite suspension, can appeal
that determination.  Id. § 143.053.  The appeal is to
the Police Officers=
Civil Service Commission.  Id. §§ 143.003(1), 143.053(b). 
However, the police officer may elect to have an independent hearing examiner
hear the appeal.  Id. § 143.057.  The hearing examiner=s decision is final and
binding on all parties.  Id. § 143.057(c).  A party[2] may appeal the hearing
examiner=s decision on
the grounds that the examiner “was without jurisdiction or exceeded [his]
jurisdiction or that the order [of the examiner] was procured by fraud,
collusion, or other unlawful means.”  Id. at § 143.057(j).[3]  Appeal is to the district
court.  Id.

Section 614.023 requires that a copy of a “signed complaint
against a law enforcement officer” must be served on the officer “within a
reasonable time after the complaint is filed.”  Tex. Gov’t Code Ann. § 614.023(a) (Vernon Supp. 2010).  The
statute further requires that the officer or employee may not be indefinitely
suspended or terminated from employment unless the subject matter of the
complaint is investigated and there is evidence to prove the allegation of
misconduct.  Id. § 614.023(c).  Finally, the statute provides
that disciplinary action may not be taken against an officer unless a copy of
the signed complaint is given to him.  Id. § 614.023(b).

Summary judgments are reviewed de novo.  See Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  There are
no disputed facts in this case, and the issues raised in this appeal involve
statutory construction, which is also subject to de novo review.  See City
of Rockwall v. Hughes, 246 S.W.3d 621, 625 (Tex. 2008).  In determining
the legislature’s intent in enacting a statute, courts should look to the plain
meaning of the words used in the statute.  See Fireman’s Fund Cnty.
Mut. Ins. Co. v. Hidi, 13 S.W.3d 767, 768-69 (Tex. 2000). 

Analysis

The question presented is whether the hearing examiner had
jurisdiction to dismiss the discipline imposed on MacAvoy because the City
failed to provide him with a copy of the signed complaints before imposing
discipline.  In the first appeal in this case, we noted that the case was
similar to City of Pasadena v. Smith, 263 S.W.3d 80 (Tex. App.–Houston
[1st Dist.] 2006), rev’d by 292 S.W.3d 14, 22 (Tex. 2009).  In that
case, the hearing examiner applied a statute that required the department head
to be present at the hearing to review the discipline imposed on an officer,
and reinstated the officer because the department head was not present.  City
of Pasadena, 292 S.W.3d at 16.  The hearing examiner did this under the
authority of a statute that applied to employment disputes for larger cities,
but not to the city of Pasadena.  Id. (referencing Tex. Loc. Gov’t Code Ann. 143.1015(k)
(Vernon 2008)).  

The court of appeals held that the city’s argument that the
hearing examiner applied a statute which was, by its own terms, inapplicable,
was not a challenge to the jurisdiction of the hearing examiner, and could not
be reviewed.  City of Pasadena, 263 S.W.3d at 85.  In reversing,
the supreme court held that the hearing examiner exceeded his jurisdiction by
applying a statute that did not pertain to that dispute.  City of
Pasadena, 292 S.W.3d at 20.  The court also went further to write about
the role of hearing examiners.  Specifically, the court found it important that
the civil service commission, whose authority is the same as a hearing
examiner, was permitted to consider “only the evidence submitted at the
hearing” when reaching a decision.  Id. (citing Tex. Loc. Gov’t Code Ann. § 143.010(g)
(Vernon 2008)).  The court combined that requirement with the hearing
examiner’s application of an inapplicable statute to determine that he exceeded
his jurisdiction.  Id. at 20.  In defining the scope of the
hearing examiner’s jurisdiction, the court held that a hearing examiner exceeds
his jurisdiction “when his acts are not authorized by the Act or are contrary
to it, or when they invade the policy-setting realm protected by the
nondelegation doctrine.”  Id. at 21.

The court did not apply the full test of the nondelegation
doctrine in City of Pasadena because, by using an inapplicable
statute, the hearing examiner created a procedural rule, something that he had
no authority to do.  Id. at 20 (“[Appellee] argues that the
hearing examiner could reasonably have concluded that since section 143.1015(k)
requires the presence of the department head at civil service appeal
proceedings in Houston, the same rule should apply in other cities. But the Act
does not empower a hearing examiner to make rules.”).  If this is interpreted
strictly, as the City would have us do, the conclusion could be reached that
Section 614.023(b) does not apply to hearing examiner hearings because that
section is outside of the Fire Fighters and Police Officers’ Civil Service Act
(Chapter 143 of the Texas Local Government Code).  See id. at
15.  There are problems with this construction, however.  First, the legislature
specifically stated that Subchapter B of Chapter 614, Texas Government Code,
which includes Section 614.023, applies to complaints against law enforcement
officers.  See Tex. Gov’t Code
Ann. § 614.021 (Vernon Supp. 2010).  Indeed, as then–Justice Guzman
wrote in Turner v. Perry, 278 S.W.3d 806, 823 (Tex. App.–Houston [14th
Dist.] 2009, pet. denied),

 

[b]y enacting sections 614.021-.023, of the Government
Code, the State provided covered employees with procedural safeguards to reduce
the risk that adverse employment actions would be based on unsubstantiated
complaints. Moreover, the State determined that the value of these protections
outweighs the fiscal and administrative burdens incurred by complying with
statutory requirements. 

Turner,
278 S.W.3d at 823.  If the hearing examiner were permitted
to apply Section 614.023, it seems reasonable, as we wrote in our first
opinion, that the examiner would have some flexibility to define terms like
“complainant” and to make other reasonable determinations.  See City of
Athens, 260 S.W.3d 676, 680-81 (Tex. App.–Tyler 2008, no pet.). 
However, the hearing examiner in this case did more than simply construe
undefined terms in a statute.  On MacAvoy’s motion, the hearing examiner
dismissed the discipline.  This had the effect of making Section 614.023 a
jurisdictional requirement for discipline.  The hearing examiner did not find
that MacAvoy’s due process rights were violated apart from the statute or that
his ability to prepare a defense was impaired.  Furthermore, most of the
hearing examiner’s written opinion pertains to the initial claims of
misconduct.  The examiner duly notes that the chief of police signed a
subsequent complaint for insubordination when MacAvoy disregarded an order to
cease further contact with an individual.  But the opinion fails to distinguish
between the first claim, in which the complainant’s statements were not timely
provided, and the insubordination claim, where complaint of the aggrieved
party, the police department, was provided.  

The supreme court made clear in City of DeSoto v. White,
288 S.W.3d 389, 394 (Tex. 2009), when construing a different but similar due
process requirement, that the analysis of whether a notice statute creates a
jurisdictional requirement begins with the presumption that the legislature did
not intend to make a statutory requirement jurisdictional and that the
presumption may be overcome only by clear legislature intent to the contrary.  Id.
at 394.  At issue in City of DeSoto was a statutory provision that
requires notice to a person being disciplined of the consequences for choosing
an appeal to a hearing examiner.  Id. at 391 (citing Tex. Loc. Gov’t Code Ann. § 143.057(a)). 


To determine if that notice requirement was jurisdictional,
the court attempted to ascertain the legislative intent by examining the plain
language of the statutes.  City of DeSoto, 288 S.W.3d at 395.  More
particularly, the court looked to the specific language of the statute, any
enumerated consequences for failure to comply, and the policy ramifications of
either interpretation.  Id.  In both City of DeSoto
and here, the relevant statute creates a mandatory requirement.  In City
of DeSoto, the statute said that a letter of disciplinary action “must”
state that the employee waives certain rights.  Id. (citing Tex. Loc. Gov’t Code Ann. § 143.057(a)). 
In this case, Section 614.023 states that a copy of a signed complaint “must”
be given to the law enforcement officer and that disciplinary action “may not”
be taken unless that complaint is provided.  Tex.
Gov’t Code Ann. § 614.023(a),(b).  The phrase “may not” is synonymous
with “shall not” and imposes a prohibition.  Tex.
Gov’t Code Ann.  § 311.016(5) (Vernon 2008). The term “must” creates or
recognizes a condition precedent.  Id. § 311.016(3).  Both are
mandatory, but as the court recognized in City of DeSoto, “‘just
because a statutory requirement is mandatory does not mean that compliance with
it is jurisdictional.’” City of DeSoto, 288 S.W.3d at 395
(quoting Albertson’s, Inc. v. Sinclair, 984 S.W.2d 958, 961 (Tex.
1999)).

As with the notice requirement in City of DeSoto,
Section 614.023 contains no specific consequence for noncompliance. 
Furthermore, there is a good fit between this case and the analysis in City
of DeSoto with respect to the consequences of interpretation of the
statute.  If the tendering of a complainant’s statement prior to discipline is
jurisdictional, a police officer cannot be relieved of duty even for very
serious infractions if the statement is not provided prior to the imposition of
discipline.[4]  On the other hand, if the
statement requirement is not jurisdictional, a hearing examiner can hear a case
where the officer or firefighter’s right to due process is respected even if
the statement is presented at a time after the initial discipline is imposed.

Finally, there is the issue of precedent.  The legislature is
presumed to know of appellate consideration of statutes, and a slight inference
can be drawn when a statute is interpreted by an appellate court and the
legislature does not take corrective action.  See e.g., Entergy
Gulf States, Inc. v. Summers, 282 S.W.3d 433, 470-71 (Tex. 2009); but
see Fort Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 97
(Tex. 2004).  In two divergent cases, the courts considered and construed
statutes requiring a complainant’s statement to be provided before the
imposition of discipline.  See Guthery v. Taylor, 112 S.W.3d 715,
724 (Tex. App.–Houston [14th Dist.] 2003, no pet.); Fudge v. Haggar,
621 S.W.2d 196, 197-98 (Tex. App.–Texarkana 1981, writ ref’d n.r.e.); see
also Treadway v. Holder, 309 S.W.3d 780, 781-82 (Tex. App.–Austin
2010, pet. denied).  The issue in those cases was not whether providing the
complainant’s statement was a condition precedent to the imposition of
discipline, but the opinions treated it as if it were.  However, any inference
that could be drawn from legislative inaction or acquiescence is slight because
there have been so few cases on this issue, because the issue was not squarely
presented in Guthery and Fudge, and because such
inferences are of questionable weight.  See Entergy Gulf States,
282 S.W.3d at 470-71.

On
balance, we are compelled by the very similar and recent City of DeSoto opinion
to conclude that Section 614.023 is not jurisdictional.  The hearing examiner
treated the complaint requirement as a jurisdictional threshold.[5] 
In light of the recent opinions from the Texas Supreme Court in City of
DeSoto and City of Pasadena, we conclude
that the hearing examiner exceeded his jurisdiction by treating Section 614.023
as jurisdictional.  The City of DeSoto opinion makes clear, when
construing a very similar statute, that even when there is a mandatory duty
imposed on a municipality related to the dismissal of an employee, it does not
follow that the failure to carry out that duty means the employee may not be
disciplined, unless the legislature is very specific about that result.  City
of DeSoto, 288 S.W.3d at 395-97.  In the absence of a legislative
directive that the failure to provide a complainant’s statement prior to
discipline means that the officer will escape discipline, the hearing examiner
exceeded his jurisdiction by crafting such a rule.[6] 
See City of Pasadena, 292 S.W.3d at 21 (“. . . a hearing examiner
exceeds his jurisdiction when his acts are not authorized by the Act or are
contrary to it . . . .”).  

Furthermore,
the City of Pasadena opinion clearly states the statutory scheme
for hearing examiners is organized around the examiners acting as fact finders
with respect to the allegations against covered employees.  City of
Pasadena, 292 S.W.3d at 20 (“[The statute] mandates that a decision be
made on evidence submitted at the hearing.”).  While the examiner in this case
did hold a hearing, his ruling was based on the issue of statutory compliance,
and he imposed a remedy that, in light of the City of Pasadena and
City of DeSoto opinions, was not authorized by the Act and beyond
his jurisdiction.   Because we hold that the hearing examiner exceeded his
jurisdiction, we also hold that the trial court erred in granting MacAvoy’s
motion for summary judgment.  We sustain the City’s first and second issues.

 

 

Disposition

Having sustained the City’s first and second issues, we reverse
the judgment of the trial court and remand this case to
the trial court.

 

 

                                                                   Brian
T. Hoyle

                                                                                             
Justice

 

 

 

 

 

Opinion delivered June 30, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









[1] See City of Athens v.
MacAvoy, 260 S.W.3d 676 (Tex. App.–Tyler 2008, no pet.). 

 





[2] Although not specifically provided for by statute, a
city may appeal an independent hearing examiner=s decision.  City of Houston v. Clark, 197 S.W.3d 314,
315, 324 (Tex. 2006); Nuchia v. Tippy, 973 S.W.2d 782, 785 (Tex.
App.BTyler 1998, no pet.).

 





[3] Section 143.057(j) states that it is the decision of
the “arbitration panel” that can be appealed to the district court.  Because
the statute refers to a hearing examiner, the Texas Supreme Court, while
finding the language “difficult to explain,” applied it as if it were the
hearing examiner=s decision that could be appealed.  Clark,
197 S.W.3d at 318 n.5.





[4] In most cases, a municipality will not have the
opportunity to rectify a problem with providing the complainant’s statement
prior to the imposition of discipline because the law provides that discipline
may not be imposed, for noncriminal acts, unless it is done within 180 days of
discovery.  See Tex. Local Gov’t
Code § 143.052(h) (Vernon 2008).

 





[5] Although he held a hearing on
the merits, the hearing examiner ultimately dismissed the discipline against
MacAvoy because of the failure to tender what he determined was the appropriate
complainant statement prior to the imposition of discipline.  The hearing
examiner did not describe the disclosure of the statements as a precondition to
his own jurisdiction.  However, he described it as a threshold issue, and his
decision to overturn the discipline because the statements were not provided
timely had the effect of making it a jurisdictional requirement.  MacAvoy did
not show, or argue, that his actual ability to defend himself was impaired, and
he did not, and does not, raise an independent due process claim.  Indeed,
MacAvoy did not dispute the principal allegations against him and admitted most
of the allegations that were made.  

 





[6] It bears noting that the hearing
examiner was diligent and thorough in his work on this case, including the way
he conducted the hearing and the quality of his written work.  The DeSoto
and Pasadena decisions were handed down after he
delivered his ruling, and his ruling was an interpretation of the precedent as
it existed at the time of his ruling.